# Exhibit A

*Rec: 6/11/15 RA*
*12.05pm*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
*TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA*
**OFFICE OF THE JUDGE-IN-CHAMBERS**
*OFICINA DEL JUEZ DE TURNO*

# DR. RONA M FIELDS PHD

**Plaintiff /** *Demandante*

Case No. / *No. de caso* __**2015 CA 4246**__

**vs.**

**DISTRICT OF COLUMBIA C/O OFFICE OF ATTORNEY GENERAL**

**Defendant /** *Demandado*  *Serve Darlene Fields*

**NOTICE OF HEARING /** *AVISO DE AUDIENCIA*

You are hereby notified that Plaintiff has filed a/an / *Por el presente, se le notifica que el/la Demandante ha presentado un/a:*

[✓] Application for a Temporary Restraining Order (T.R.O.) / *Solicitud para una Orden de Restricción Temporal (T.R.O. por sus siglas en ingles)*

[ ] Motion for a Preliminary Injunction / *Petición para un Mandato Judicial Preliminar*

[ ] Other / *Otro*:_____

The following Hearing has been scheduled for/has been continued to / *Se ha programado/ aplazado la siguiente audiencia para:*

__**06/15/2015**__ at / *a la(s)* __**3:00PM**__ a.m. /p.m. a / *para*
(date / *fecha*)        (time / *hora*)

[✓] Hearing on the Application for Temporary Restraining Order / *una audiencia sobre la solicitud para una Orden de Restricción Temporal*

[ ] Status Hearing on the Motion for Preliminary Injunction / *una audiencia sobre la petición para un Mandato Judicial Preliminar*

[ ] Other / *Otro*: _____

will be heard by / *se ventilara ante:*

[✓] Judge-in-Chambers / *el juez de turno*

[ ] The calendar Judge / *el juez asignado*, Judge / *Juez* _____, calender / calendario _____

at the following location / *en el siguiente lugar:*

[✓] Judge-in-Chambers Room 4220 (4th Floor)/ Juez de turno, Oficina 4220 *(4to Piso)* – 500 Indiana Ave. NW

[ ] 500 Indiana Ave. NW, Courtroom / Sala _____

[ ] Building / Edificio A: 515 5th St. NW, Courtroom / Sala _____

[ ] Building / Edificio A: 510 4th St. NW, Courtroom / Sala _____

**If you wish to be heard, your presence is required /** *Si desea hablar ante el juez, se requerira su presencia.*

REVISED FORM SO-2064/SEPT 2014 /TRANSLATED BY OCIS AUG 2012



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Dr RONA M. FIELDS PhD
    Vs.                                             C.A. No.      2015 CA 004246 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MAURICE ROSS
Date: _June 10, 2015_
Initial Conference: 9:00 am, Friday, September 11, 2015
Location:   Courtroom 100
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001                                      Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
Washington, D.C. 20001 Telephone: (202) 879-1133

*Dr. Rona M. Fields, Ph.D.*
_____
Plaintiff

vs.                                                    Case Number **15 - 0 0 4 2 4 6**

*District of Columbia Government, et AL*
_____
Defendant

## SUMMONS

To the above named Defendant: *District of Attorney General*

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Wendell C. Robinson*
_____
Name of Plaintiff's Attorney

*7600 Ga. Ave. NW #203*
_____
Address
*Wash. D.C. 20012*
_____

*202-223-4470*
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date *6/6/15*

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

     **IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

     If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. RONA M. FIELDS, PH.D.                    :
1618 Myrtle Street, N.W.                     :
Washington, D.C. 20012                       :
                                             :
        Plaintiff                            :
                                             :
        v.                                   :     Case No:    **15 - 0 0 4 2 4 6**
                                             :
DISTRICT OF COLUMBIA                         :
Serve: Tabatha Braxton                       :
John A. Wilson Bldg.                         :
1350 Pennsylvania Ave. N.W. # 419            :
Washington, D.C. 20001                       :
                                             :
Serve: D.C. Attorney General                 :
Serve: Darlene Fields                        :
441 4th St. N.W. 6th Fl. South               :
Washington, D.C.  20001                      :          
                                             :
        and                                  :
                                             :
District of Columbia Department of Health    :
Serve: Patricia M. D'Antonio, Interim        :
Executive Director                           :
899 North Capitol Street, N.E.               :
Washington, D.C. 20002                       :
                                             :
        Defendants                           :

## COMPLAINT DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Come now Rona M. Fields, (Fields), by and through undersigned counsel, and sues the District

of Columbia Government, (District), on the grounds hereinafter stated:

## JURISDICTION

1. This court has jurisdiction pursuant to D.C. Code § 11-921 (as amended).

## PARTIES

2.  Fields is a resident of the District of Columbia. She was a resident, at all times relevant to

1

this cause of action.

3.   District is a sovereign government operating as the District of Columbia Government. It was operating in that capacity at all times relevant to this cause of action.

4.   The District's Department of Health, Health, established the Board of Psychology, Board, pursuant to: **D.C. Code § 3-1201.1, et seq.**  Board regulates the practice of psychology in the District of Columbia, pursuant to: **D.C. Code § 3-1202.11 (b) (2012 Repl).**

## FACTS

5.   Fields is a licensed psychologist. She earns her living as a practicing psychologist, in the District of Columbia.

6.   On or about June 11, 2013, the Mother of Fields' six year old patient sent a document to Health. They labeled it a complaint.  Fields was sent a copy of it.  She responded to it.  On July 11, 2013, Fields was requested to appear before the Board. **Exhibit #1**. She complied. On November 25, 2014, Fields received a letter from Panravee Vongjaroenrat, in Health's Office of the General Counsel. **Exhibit # 2**.  It gave Fields ten (10) days, from the date of the letter, to accept the attached *"negotiated settlement agreement."* or the Board would issue a notice of intent to take disciplinary action against her license. **Id**.  Fields did not accept the negotiated settlement agreement. **Exhibit # 3.**  She hired counsel to represent her.

7.   On December 9, 2014, Fields' attorney sent a letter to Panravee Vongjaroenrat advising that he represented Fields and requested documents needed to prepare for Fields' hearing. **Exhibit # 4**. The documents Fields requested were sent on February 2, 2015. After reviewing them, Fields' attorney sent a letter to the Board dated February 19, 2015, and it was hand delivered on February 20, 2015. It reiterated that Fields' rejected the negotiated settlement agreement and attached, to the letter, was a motion to dismiss the case against Fields. **Exhibit # 5.**  The letter and motion were

hand delivered, to the Board.  **Exhibit # 6**. One of Board's representatives signed for the letter and motion. **Id.**

8.  Fields, as a practicing psychologist, maintains liability insurance.  On December 8, 2014, her liability insurance carrier, Trust Risk Management Services, sent her a letter. **Exhibit # 7.**  It required Fields, prior to them renewing her liability insurance, to provide them with a written statement indicating that she was in compliance with Health's November 2014 settlement agreement issued by the D.C. Board of Psychology. **Id.**  Fields' attorney sent a letter to Fields' liability insurance carrier indicating: that Fields' had rejected the negotiated settlement agreement, that she had filed a motion to dismiss the alleged complaint, and he requested that they renew Fields' policy.  **Exhibit # 8**.

9.  As of this date, the Board has not responded to Fields' motion to dismiss, that was filed on February 20, 2015, they have not charged her with any violations of the Board's rules and/or regulations, a disciplinary hearing has not been set, Fields is unable to practice her chosen profession, her insurance carrier, is not paying her attorney fees, as called for in her insurance policy, all as a result of the Board's failure to provide her with a hearing, is depriving Fields of the ability to earning a living, in violation of her substantive and procedural due process rights.

## COUNT I
## DECLARATORY JUDGMENT

10.  Fields incorporates, by reference, the allegations, in paragraphs 1-9, into this count as fully as if plead herein.

11.  As a direct result, and proximate cause of the District and Health's failure to give Fields a hearing, their intentional failure to respond to Fields' motion to dismiss, Fields is prevented from practicing her chosen professional, and their actions violate Fields' substantive and procedural due process rights.

**Wherefore, the premises considered**, Fields prays that this Court will issue a declaratory judgment that Board's failure to give Fields' a hearing is in violation of her substantive and procedural due process rights and their failure to respond to Fields' motion to dismiss, filed on February 20, 2015, is deemed conceded, and issue an order that the complaint against her be dismissed.

## COUNT II
## INJUNCTIVE RELIEF

12. Fields incorporates, by reference, the allegations, in paragraphs 1-11, into this count as fully as if plead herein.

13. As a direct result, and proximate cause of the District and Health's failure to give Fields a hearing, and their intentional refusal to respond to Fields' motion to dismiss, Fields is prevented from practicing her chosen professional, obtain insurance, and their actions violate her substantive and procedural due process rights.

**Wherefore, the premises considered**, Fields prays that this Court will issue an order directing District and Health to forthwith set a hearing, for Fields, or dismiss the alleged complaint against her.

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Avenue, N.W. Suite 203
Washington, D.C. 20012
202-223-4470 Ph.
202-726-9060 Fax
grindstonelaw@aol.com

4



**Government of the District of Columbia**
**Department of Health**



Board of Psychology

July 11, 2013

Dr. Rona Fields                              **Exhibit # 1**
1618 Myrtle Street N.W.
Washington, DC 20012

**Re.:**  **Request to Appear Before the District of Columbia Board of Psychology**

Dear Dr. Fields:

The District of Columbia Board of Psychology is requesting that you appear before the Board at its next scheduled monthly meeting on <u>**Friday, July 19, 2013 at 11:00 a.m at 899 North Capitol Street, NE, 2nd Floor, Washington DC 20002.**</u>  This opportunity is being provided to allow you to address the Board's concerns with regard to the attached complaint and with regards to fulfilling your continuing education requirements.  You may bring an attorney with you to this meeting.

Please be advised that you may elect not to appear, although the Board may still take action to against your license if it determines that a valid, legal basis exists under the District of Columbia laws or regulations governing your profession.  Further, please be advised that any statements you make or documents you submit during this meeting may be admissible in any subsequent formal hearing or Board action.

If you have any questions or concerns regarding this matter, please feel free to call Ms. Nakia Snider directly at (202) 724-4939 or <u>Nakia.Snider@dc.gov</u> .

Sincerely,

Patricia M. D'Antonio, RPh, MS, MBA, CGP
Interim Executive Director
District of Columbia Board of Psychology

899 North Capitol Street, N.E., 2nd Floor, Washington, D.C.  20002 Phone:  (202) 727-9856 Fax: (202) 724-8677




# Government of the District of Columbia
## Department of Health



**Office of the General Counsel**

November 25, 2014

**Exhibit # 2**

Rona Fields, Ph.D.
1618 Myrtle Street, NW
Washington, DC 20012

**RE:  District of Columbia Board of Psychology**
**Negotiated Settlement Agreement**

Dear Dr. Fields:

On or about June 11, 2013, a complaint was filed against you by K.H.M., the mother of I.H.M., a six-year-old boy who was referred to you for neuropsychological testing. Based on this complaint, the Board reviewed the psychological report of I.H.M. that you prepared for K.H.M. The Board also reviewed other psychological reports for your other child patients. As indicated in the Negotiated Settlement Agreement, the Board has concerns regarding your completion of reports without full neuropsychological testing and assessments.

Please be advised that the Board is offering you the opportunity to resolve this matter through a settlement agreement in lieu of initiating disciplinary action against your license.

PLEASE CAREFULLY READ the enclosed settlement agreement in its <u>entirety.</u> You may also wish to consult an attorney prior to reaching a decision. If you wish to accept the terms of this agreement, you are required to do the following:

    a) Sign, under notary seal, the enclosed agreement and return the complete agreement (including all pages as well as the signature page) to the Board at the address below **within ten (10) days of your receipt of this letter.**

    b) **Within six (6) months of your signing the agreement,** submit detailed information to the Board about the proposed APA-accredited graduate course(s) totaling at least four (4) credits. The proposed course(s) must be live, in-person, face-to-face and include an examination at the conclusion of the course(s). After the Board's approval, the course(s) must be completed within six (6) months of your signing the agreement. Consequently, you should ensure that the Board's approval for the course is secured with sufficient time to complete the course within the time required.

If you do not wish to enter into the settlement agreement, it is fully within your rights not to do so. The Board may then issue a Notice of Intent to Take Disciplinary Action against you. If the Board elects to initiate disciplinary action against you, you will be provided with notice and an opportunity for a hearing.

Should you have any questions concerning this agreement or require additional time to review it, please contact Ms. Panravee Vongjaroenrat at 202-478-5746 or Panravee.vongjaroenrat@dc.gov.

Sincerely,

PHILLIP L. HUSBAND
General Counsel

By:

PANRAVEE VONGJAROENRAT
Assistant General Counsel

Enclosures

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF HEALTH
HEALTH PROFESSIONAL LICENSING ADMINISTRATION
BOARD OF PSYCHOLOGY

IN RE:                                    :

RONA M. FIELDS, Ph.D.                     :

License No.:  PSY907                      :          **Exhibit # 3**

Respondent                                :

## NEGOTIATED SETTLEMENT AGREEMENT

### Jurisdiction

This matter comes before the District of Columbia Board of Psychology (the "Board") pursuant to D.C. Official Code § 3-1201.01 *et seq.* (2012 Repl.), otherwise known as the Health Occupations Revision Act (the "HORA"). The HORA, at D.C. Official Code § 3-1202.11(b) (2012 Repl.), authorizes the Board to regulate the practice of psychology in the District of Columbia.

### Background

On or about June 11, 2013, the Board received a complaint from K.H.M.,[1] the mother of a six-year-old boy, I.H.M., who was referred to the Respondent for neuropsychological testing due to social and emotional difficulties both at home and at school. K.H.M. alleges in her complaint several things that she felt were not done correctly. She stated that the Respondent told her a graduate student would help to administer some of the tests and that they would take several two-hour sessions to complete. However, the graduate student never appeared and the

[1] The complainants' identities are withheld for privacy reasons; however, the Respondent received an unredacted copy of the complaint and is aware of their identities.

Respondent administered the tests herself over two (2) one-and-a-half-hour sessions. After three (3) hours of testing, the Respondent indicated that there might be one more test she needed to conduct. However, at a subsequent appointment, K.H.M. was able to discuss the tests with the Respondent for a short while when they were interrupted by a visitor. The Respondent then told K.H.M. that she had accidentally double-booked and asked K.H.M. to leave. Several weeks later, K.H.M. received the report and stated that it lacked details about the tests and assessments of how I.H.M. performed as well as specific suggestions and a course of treatment.

The Board reviewed the report provided by K.H.M. and requested response and additional information from the Respondent. The Board notes that the report only contained one neuropsychological test and does not contain a full battery of neuropsychological assessments as it should. The Board notes that an adequate report would require other assessments and tests. The Board notes further that it obtained other psychological assessments of the Respondent's other child patients and found that they suffer from the same deficiency.

The Board has elected not to pursue a disciplinary action in this matter but rather resolve this matter through a Negotiated Settlement Agreement. This Agreement requires the Respondent's compliance to the terms outlined below in exchange for the Board's eschewing a disciplinary action against the Respondent's license for violations of D.C. Official Code § 3-1205.14(a)(26). The Respondent has not been charged with any violation of the District of Columbia laws or regulations. The Respondent's assent to this agreement shall not be construed as an admission of having committed any violation.

## TERMS OF THE SETTLEMENT AGREEMENT

Based on the foregoing, the Board and the Respondent hereby agree as follows:

1. Within twelve (12) months from the date of signing this settlement agreement, the Respondent shall complete four (4) credits of in-person, face-to-face APA-accredited graduate course(s) at a local university, such as Howard University, George Washington University or the like, on neuropsychological assessment, provided that such graduate course(s) shall be approved in advance by the Board and that the Respondent shall take and pass the examination(s) given at the conclusion of the course(s);

2. The continuing education obtained in accordance with Item 1 above shall not be counted towards meeting the Respondent's continuing education requirements during any renewal cycle;

3. Until the Respondent completes the course as required in Paragraph 1, she SHALL NOT perform neuropsychological assessments on any person under eighteen (18) years of age.  Upon completion of the course and for a period of at least twelve (12) months, the Respondent shall perform neuropsychological assessments of patients or persons under eighteen (18) years of age only under the supervision of a licensed clinical psychologist, specifically with expertise in neuropsychological testing and evaluation of children under eighteen (18) years of age; provided, further, that the intended supervisor shall be presented to the Board for approval prior to the start of the supervision and that the twelve (12)-month supervision period shall begin the day after the Respondent completes the required course or the supervisor has been approved by the Board, whichever is later;

4. After the specified twelve (12) months, the supervision period as required in Paragraph 3 may be terminated or extended based on the Board's review, in

Page 3 of 5

consultation with the supervisor approved under Paragraph 3 above, of the Respondent's practice; and

5. The Board agrees not to pursue disciplinary action against the Respondent's license based on this complaint. However, if the Respondent fails to satisfactorily fulfill the terms of this settlement agreement, the Board may issue a notice to take formal disciplinary action against the Respondent's license based on the matter indicated herein.

Date _____

_____
Maia Coleman King, Ph.D.
Chairperson
District of Columbia
Board of Psychology

## LICENSEE'S AFFIRMATION OF
## TERMS OF NEGOTIATED SETTLEMENT AGREEMENT

By signing this Negotiated Settlement Agreement, I agree to accept and abide by its terms. I acknowledge its validity and acknowledge that I have agreed to the terms set forth in this agreement.

I fully acknowledge that by signing this Agreement, I am waiving my right to confront witnesses, to give testimony, to call witnesses on my behalf, and to all other substantive and procedural protections provided by law.

I also recognize that I am waiving my right to appeal any adverse ruling by the Board that might follow any such hearing. By signing this Agreement, I waive all such rights.

I have had an opportunity to review this document and to seek the advice of my own legal counsel. I choose willingly to sign this Agreement without reservation and I understand its meaning and effect.

Date _____

_____
Rona Fields PSY907

Page 4 of 5



Sworn and subscribed to before me this ____ day of _____, 2014.

_____
Notary Public

This Negotiated Settlement Agreement is an administrative matter and shall not be construed as disciplinary in nature. The Board has not charged the Licensee with any violation of District law. The Board agrees not to voluntarily disclose this Agreement or its terms. However, the Licensee understands and agrees that this Negotiated Settlement Agreement is subject to disclosure through a request made under the Freedom of Information Act, by subpoena or court order, or in the event that the Licensee fails to comply with the terms of the Agreement.

# Robinson Law, PLLC

**7600 Georgia Avenue, Northwest, Suite 203**
**Washington, D.C. 20012**
**202-223-4470**
**202-726-9060 fax**
**Email: Grindstonelaw@aol.com**

*Wendell C. Robinson, Esq.*
*Attorney at Law*

December 9, 2014

Panravee Vongjaroenrat
Assistant General Counsel
C/O District of Columbia Government
Department of Health
899 North Capitol Street, N.E., 5th Floor
Washington, D.C. 20002

**Exhibit # 4**

     RE:  Dr. Rona M. Fields

Dear Ms. Vongjaroenrat:

     This office represents Dr. Rona M. Fields. She gave me a copy of your letter to her dated, November 25, 2014, concerning a *"....NEGOTIATED SETTLEMENT AGREEMENT....".* **Exhibit # 1**, and a copy of the *"...NEGOTIATED SETTLEMENT AGREEMENT..."* itself. **Exhibit # 2**. I have read both.  In order to advise Dr. Fields, of her rights, as to the negotiated settlement agreement, and any disciplinary hearing, I am requesting the following:

a. An unredacted copy of the complaint, that was filed on or about June 11, 2013, by: K.H.M., the mother of: I.H.M., against Dr. Fields,

b. An unredacted copy of the psychological report for: I.H.M., that you allege Dr. Fields prepared for him,

c. A copy of the unredacted report(s), that you reviewed, for Dr. Fields' other child patients, referenced in your letter, to her, dated, November 25, 2014,

d. A copy of any meeting (s) note(s), CD (S), video (s), or audio tape (s) cassette(s) that was taken during the investigation of the complaint that was lodged against Dr. Fields, by K.H.M, for I.H.M.,

e. Reference to any rule(s), regulations(s), case law, and/or statutes that you allege, or will allege, that Dr. Fields violated with reference to the services she rendered to: I.H.M.,

f. A copy of any and all documents that you reviewed, that resulted in submitting the negotiated settlement agreement to Dr. Fields,

g. If any expert(s) or clinical psychologist(s) were retained, to render an opinion concerning the services Dr. Fields rendered to I.H.M., please send me a copy of their report(s) and opinion(s),

h. A statement of the specific act(s) that you allege that Dr. Fields did that is/are inconsistent with a professional of her education, training, and experience.

1

Panravee Vongjaroenrat
Page Two
December 9, 2014


After I receive and review the requested documents, I would like to sit down, with you, and discuss Dr. Fields' case, at a mutually convenient time.

Sincerely,

Wendell C. Robinson


CC: Dr. Rona M. Fields

2





# Government of the District of Columbia
## Department of Health

Office of the General Counsel

November 25, 2014                    **Exhibit # 1**

Rona Fields, Ph.D.
1618 Myrtle Street, NW
Washington, DC 20012

RE:    **District of Columbia Board of Psychology**
       **Negotiated Settlement Agreement**

Dear Dr. Fields:

On or about June 11, 2013, a complaint was filed against you by K.H.M., the mother of I.H.M., a six-year-old boy who was referred to you for neuropsychological testing. Based on this complaint, the Board reviewed the psychological report of I.H.M. that you prepared for K.H.M. The Board also reviewed other psychological reports for your other child patients. As indicated in the Negotiated Settlement Agreement, the Board has concerns regarding your completion of reports without full neuropsychological testing and assessments.

Please be advised that the Board is offering you the opportunity to resolve this matter through a settlement agreement in lieu of initiating disciplinary action against your license.

PLEASE CAREFULLY READ the enclosed settlement agreement in its <u>entirety.</u> You may also wish to consult an attorney prior to reaching a decision. If you wish to accept the terms of this agreement, you are required to do the following:

   a)   Sign, under notary seal, the enclosed agreement and return the complete agreement
        (including all pages as well as the signature page) to the Board at the address below
        <u>within ten (10) days of your receipt of this letter.</u>

   b)   <u>Within six (6) months of your signing the agreement,</u> submit detailed information to
        the Board about the proposed APA-accredited graduate course(s) totaling at least four
        (4) credits. The proposed course(s) must be live, in-person, face-to-face and include an
        examination at the conclusion of the course(s). After the Board's approval, the course(s)
        must be completed within six (6) months of your signing the agreement. Consequently,
        you should ensure that the Board's approval for the course is secured with sufficient
        time to complete the course within the time required.

If you do not wish to enter into the settlement agreement, it is fully within your rights not to do so. The Board may then issue a Notice of Intent to Take Disciplinary Action against you. If the Board elects to initiate disciplinary action against you, you will be provided with notice and an opportunity for a hearing.

---

Should you have any questions concerning this agreement or require additional time to review it, please contact Ms. Panravee Vongjaroenrat at 202-478-5746 or Panravee.vongjaroenrat@dc.gov.

Sincerely,

PHILLIP L. HUSBAND
General Counsel


By:  _____
PANRAVEE VONGJAROENRAT
Assistant General Counsel

Enclosures

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF HEALTH**
**HEALTH PROFESSIONAL LICENSING ADMINISTRATION**
**BOARD OF PSYCHOLOGY**

IN RE:                                          :

RONA M. FIELDS, Ph.D.                            :

                                                :          **Exhibit # 2**
License No.:  PSY907                             :

Respondent                                       :

## NEGOTIATED SETTLEMENT AGREEMENT

### Jurisdiction

This matter comes before the District of Columbia Board of Psychology (the "Board")

pursuant to D.C. Official Code § 3-1201.01 *et seq*. (2012 Repl.), otherwise known as the Health

Occupations Revision Act (the "HORA").  The HORA, at D.C. Official Code § 3-1202.11(b)

(2012 Repl.), authorizes the Board to regulate the practice of psychology in the District of

Columbia.

### Background

On or about June 11, 2013, the Board received a complaint from K.H.M.,[1] the mother of

a six-year-old boy, I.H.M., who was referred to the Respondent for neuropsychological testing

due to social and emotional difficulties both at home and at school.  K.H.M. alleges in her

complaint several things that she felt were not done correctly.  She stated that the Respondent

told her a graduate student would help to administer some of the tests and that they would take

several two-hour sessions to complete.  However, the graduate student never appeared and the

---

[1] The complainants' identities are withheld for privacy reasons; however, the Respondent received an unredacted
copy of the complaint and is aware of their identities.

Respondent administered the tests herself over two (2) one-and-a-half-hour sessions.  After three (3) hours of testing, the Respondent indicated that there might be one more test she needed to conduct.  However, at a subsequent appointment, K.H.M. was able to discuss the tests with the Respondent for a short while when they were interrupted by a visitor.  The Respondent then told K.H.M. that she had accidentally double-booked and asked K.H.M. to leave.  Several weeks later, K.H.M. received the report and stated that it lacked details about the tests and assessments of how I.H.M. performed as well as specific suggestions and a course of treatment.

The Board reviewed the report provided by K.H.M. and requested response and additional information from the Respondent.  The Board notes that the report only contained one neuropsychological test and does not contain a full battery of neuropsychological assessments as it should.  The Board notes that an adequate report would require other assessments and tests.  The Board notes further that it obtained other psychological assessments of the Respondent's other child patients and found that they suffer from the same deficiency.

The Board has elected not to pursue a disciplinary action in this matter but rather resolve this matter through a Negotiated Settlement Agreement.  This Agreement requires the Respondent's compliance to the terms outlined below in exchange for the Board's eschewing a disciplinary action against the Respondent's license for violations of D.C. Official Code § 3-1205.14(a)(26).  The Respondent has not been charged with any violation of the District of Columbia laws or regulations.  The Respondent's assent to this agreement shall not be construed as an admission of having committed any violation.

## TERMS OF THE SETTLEMENT AGREEMENT

Based on the foregoing, the Board and the Respondent hereby agree as follows:

1. **Within twelve (12) months** from the date of signing this settlement agreement, the Respondent shall complete four (4) credits of in-person, face-to-face APA-accredited graduate course(s) at a local university, such as Howard University, George Washington University or the like, on neuropsychological assessment, **provided that such graduate course(s) shall be approved in advance by the Board and that the Respondent shall take and pass the examination(s) given at the conclusion of the course(s);**

2. The continuing education obtained in accordance with Item 1 above **shall not be counted towards meeting the Respondent's continuing education requirements during any renewal cycle;**

3. Until the Respondent completes the course as required in Paragraph 1, she **SHALL NOT** perform neuropsychological assessments on any person under eighteen (18) years of age. Upon completion of the course and **for a period of at least twelve (12) months,** the Respondent shall perform neuropsychological assessments of patients or persons under eighteen (18) years of age only under the supervision of a licensed clinical psychologist, specifically with expertise in neuropsychological testing and evaluation of children under eighteen (18) years of age; provided, further, that the intended supervisor shall be presented to the Board for approval prior to the start of the supervision and that the twelve (12)-month supervision period shall begin the day after the Respondent completes the required course or the supervisor has been approved by the Board, whichever is later;

4. After the specified twelve (12) months, the supervision period as required in Paragraph 3 may be terminated or extended based on the Board's review, in

consultation with the supervisor approved under Paragraph 3 above, of the Respondent's practice; and

5. The Board agrees not to pursue disciplinary action against the Respondent's license based on this complaint. However, if the Respondent fails to satisfactorily fulfill the terms of this settlement agreement, the Board may issue a notice to take formal disciplinary action against the Respondent's license based on the matter indicated herein.

_____
Date

_____
Maia Coleman King, Ph.D.
Chairperson
District of Columbia
Board of Psychology

## LICENSEE'S AFFIRMATION OF
## TERMS OF NEGOTIATED SETTLEMENT AGREEMENT

By signing this Negotiated Settlement Agreement, I agree to accept and abide by its terms. I acknowledge its validity and acknowledge that I have agreed to the terms set forth in this agreement.

I fully acknowledge that by signing this Agreement, I am waiving my right to confront witnesses, to give testimony, to call witnesses on my behalf, and to all other substantive and procedural protections provided by law.

I also recognize that I am waiving my right to appeal any adverse ruling by the Board that might follow any such hearing. By signing this Agreement, I waive all such rights.

I have had an opportunity to review this document and to seek the advice of my own legal counsel. I choose willingly to sign this Agreement without reservation and I understand its meaning and effect.

_____
Date

_____
Rona Fields PSY907



03/22/2009  00:10  12025451758  FISIOS  PAGE  01/14

Sworn and subscribed to before me this ___ day of _____, 2014.


_____
Notary Public


**This Negotiated Settlement Agreement is an administrative matter and shall not be construed as disciplinary in nature. The Board has not charged the Licensee with any violation of District law. The Board agrees not to voluntarily disclose this Agreement or its terms. However, the Licensee understands and agrees that this Negotiated Settlement Agreement is subject to disclosure through a request made under the Freedom of Information Act, by subpoena or court order, or in the event that the Licensee fails to comply with the terms of the Agreement.**

# Robinson Law, PLLC
4308 Georgia Ave. N.W.
Washington, D.C. 20011
202-223-4470 Phone
202-726-9060 Fax
Grindstonelaw@aol.com

Wendell C. Robinson, Esq.
Attorney at Law

February 19, 2015

Patricia M.D'Antonio, Interim
Executive Director                                    **Exhibit # 5**
D.C. Board of Psychology
899 North Capitol Street,N.E., 2ⁿᵈ Floor
Washington,D.C. 20002

      Re: Dr. Rona Fields

Dear Ms. D' Antonio:

      This office represents Dr. Rona Fields. On December 9, 2014 I sent the attached letter to Panravcee Vongjaroenrat in response to her letter to Dr. Fields requesting her to take a negotiated settlement agreement to resolve an alleged complaint that was filed against her. I received the documents I requested in my letter, to Ms.Vongjaroenrat, about a month, after my letter to her. I have reviewed those documents and my client rejects the settlement agreement.

      I filed a motion to dismiss, based on the failure to provide me with the documents I requested but I did not receive a response to it.  However, I did receive he requested documents.

      I am enclosing a second motion to dismiss as the complaint against Dr. Fields, does not allege any violation (s) of any rule(s) and/or regulation(s) that govern her treatment of the complainant's child. The complaint only ask the Board to do the following:

      "…..I am asking the board to review the report and the testing to determine the validity of the tests, methods and the report. I feel this report was vague and really gave no insight on how we should proceed with treatment. Due to the lack of faith in Dr.Fields, my son in now scheduled to be tested again at Children's Hospital.."

      The alleged lack of faith in Dr.Fields does not amount to a violation of any of the Board's rule and regulations. In the absence of this Board identify any alleged violation of the Board's rules and /or regulations, I am requesting that the complaint, against Dr. Fields be dismissed.

1

If you have any questions, please feel free to contact me.

Sincerely,

Wendell C. Robinson

**District of Columbia Government**
**Department of Health**
**Board of Psychology**
**899 North Capitol Street, N.E. 5th Floor**
**Washington, D.C. 20002**

Rona Fields, Ph.D.                                    :
                                                     :
    Claimant                     :
                                                     :
    v.                           : Case No: Not Designated
                                                     :
DC Board of Health                                   :
                                                     :
    Agency                       :
                                                     :

## Motion To Dismiss

Comes now Rona Fields, Ph.D., Fields, by and through undersigned counsel, and moves to dismiss the complaint, that was filed against her on June 11, 2013, on the grounds hereinafter stated:

1. On July 11, 2013, the Board of Psychology sent Fields a letter requesting her to appear, at their monthly meeting, to address a complaint that was filed against her on June 11, 2013. The complaint was attached to the June 11, 2013, letter. Fields attended that hearing. **Exhibit # 1.**

2. On November 25, 2014, the District of Columbia's Office of the General Counsel sent Fields a proposed negotiated settlement agreement that would resolve the complaint against her. **Exhibit # 2.** Fields, on this date, February 19, 2015, rejects that settlement offer.

3. Fields moves to dismiss the complaint because it does not allege anything that the Board alleges she did that violated any of its rule(s) and/or regulation (s) that governed her treatment of the complainant's child.

WHEREFORE THE PREMISED CONSIDERED, Dr. Fields prays that this motion be granted

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Avenue. N.W., Suite 203
Washington, D.C. 20012
202-223-4470

### Certificate of Service

I certify that a copy of Field's motion to dismiss, was hand delivered this 19th day of February 2015, to: DC.Board of Psychology, at: 899 North Capitol Street, N.E. 5th Floor, Washington, D.C. 20002.

Wendell C. Robinson

# Exhibit # 6

## HEALTH REGULATION AND LICENSING ADMINISTRATION
## RECEIPT FORM



Government of the District of Columbia
Department of Health
Health Regulation and Licensing Administration (HRLA)
Office of Health Professional Boards
899 North Capitol Street, NE, 1st Floor
Washington, DC 20002
Call Center: 1-877-672-2174 (Phone), (202) 724-5145 (Fax)

Date  2/20/15       12·39

RECEIVED FROM: Wendell Robinson          DOB

FOR: Patricia D'Antonio          BOARD: Psychology

| | | | |
|---|---|---|---|
| | Criminal Background Check | | |
| | Check or Money Order (ONLY) | MO# / CK# / CC | AMOUNT $ |
| | Clean Hands Form | | |
| | Copies of Legal Name change Documents | | |
| | Social Security Number | | |
| | Signed Application for Registration | | |
| | Two 2" x 2" Photos | RCD BY: | |
| | Copy of current License or I.D. | | |
| | FINES          PAID IN FULL | BALANCE $ | |

Papers/
Docket
Letter/
motion to
Dismiss

How was our services? Select the feedback link on our website: http://dc.gov/page/feedback-complaints-and-appeals
CUSTOMER COPY

001218



**Trust Risk Management Services, Inc. (TRMS)** ▪ 1791 Paysphere Circle, Chicago, IL 60674 ▪ Phone (877) 637-9700 ▪ FAX (877) 251-5111

December 08, 2014

Dr. Rona M Fields
1618 Myrtle St NW
Washington, DC 20012 1130

## Exhibit # 7

RE: Your Trust Sponsored Professional Liability Insurance Policy # 58G22284721

Dear Dr. Rona M Fields:

Thank you for your support of the Trust Sponsored Professional Liability Program.

Your Professional Liability policy is up for renewal shortly. So that we may accurately review and underwrite your account, please provide the following information:

Please provide a written statement indicating you are in compliance with the November 2014 settlement agreement issued by the D.C. Board of Psychology.

Please forward the requested information by December 23, 2014 in one of the following manners:

1. Fax the additional information requested along with a copy of this letter to our customer service center at:
   **1.877.251.5111**

2. Mail the additional information requested along with a copy of this letter to:
   **Trust Risk Management Services, Inc.**
   1791 Paysphere Circle
   Chicago, IL 60674

Thank you for your prompt attention to this matter. Should you have any questions regarding this correspondence, or for additional information regarding further membership benefits and other membership insurance options, please be sure to contact us at 1.877.637.9700. Our professional staff is available to assist you Monday-Thursday 8:00am-6:00pm (cst) & Friday 8:00am-5:00pm (cst) or visit our website at www.trustinsurance.com. You may also email us your questions at info@trustrms.com.

Sincerely,

Trust Risk Management Services, Inc.

314



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. RONA M. FIELDS,                          :
                                             :
        Plaintiff                            :
                                             :
        v.                                   :       Case No:  
                                             :
DISTRICT OF COLUMBIA, ET AL                  :
                                             :
        Defendants                           :

## MOTION FOR A TEMPORARY RESTRAINING ORDER

Comes now  Rona M. Fields, Fields, by and through undersigned counsel, and moves this

Court for the entry of a temporary restraining order, on the grounds hereinafter stated:

1.  Fields is a licensed psychologist. She earns her living as a practicing psychologist, in the

District of Columbia.

2.  On or about June 11, 2013, the Mother of Fields' six year old patient sent a document to

Health. They labeled it a complaint.  Fields was sent a copy of it.  She responded to it.  On July 11,

2013, Fields was requested to appear before the Board. She complied. On November 25, 2014,

Fields received a letter from Panravee Vongjaroenrat, in Health's Office of the General Counsel. It

gave Fields ten (10) days, from the date of the letter, to accept the attached **"negotiated settlement**

**agreement."** or the Board would issue a notice of intent to take disciplinary action against her

license. Fields did not accept the negotiated settlement agreement. She hired counsel to represent

her.

3.  On December 9, 2014, Fields' attorney sent a letter to Panravee Vongjaroenrat advising

that he represented Fields and requested documents needed to prepare for Fields' hearing. The

documents Fields requested were sent on February 2, 2015. After reviewing them, Fields' attorney

sent a letter to the Board dated February 19, 2015, and it was hand delivered on February 20, 2015.

1

It reiterated that Fields' rejected the negotiated settlement agreement and attached, to the letter, was a motion to dismiss the case against Fields. The letter and motion were hand delivered, to the Board. One of Board's representatives signed for the letter and motion.

4. Fields, as a practicing psychologist, maintains liability insurance. On December 8, 2014, her liability insurance carrier, Trust Risk Management Services, sent her a letter. It required Fields, prior to them renewing her liability insurance, to provide them with a written statement indicating that she was in compliance with Health's November 2014 settlement agreement issued by the D.C. Board of Psychology. Fields' attorney sent a letter to Fields' liability insurance carrier indicating: that Fields' had rejected the negotiated settlement agreement, that she had filed a motion to dismiss the alleged complaint, and he requested that they renew Fields' policy.

5. As of this date, the Board has not responded to Fields' motion to dismiss, that was filed on February 20, 2015, they have not charged her with any violations of the Board's rules and/or regulations, a disciplinary hearing has not been set, Fields is unable to practice her chosen profession, her insurance carrier, is not paying her attorney fees, as called for in her insurance policy, all as a result of the Board's failure to provide her with a hearing, depriving Fields of the ability to earning a living, in violation of her substantive and procedural due process rights.

## POINTS AND AUTHORITIES

6. Fields submits the following points and authorities in support of this motion.

7. Superior Court Civil Rule 65.

8. In **WEICK v. STERENBUCK,** 350 A.2d 384 (D.C.1976) the Court held: a temporary restraining order and a preliminary injunction are proper where the moving party demonstrates the following:

2

a. A substantial likelihood of prevailing on the merits,
b. The movant will suffer irreparable harm during the pendency of the cause action,
c. The issuance of restraining order and injunction will maintain the status quo,
d. The granting of the restraining order and injunction is in the public interest.

## SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS

9. There is a substantial likelihood that Fields will prevail on the merits because the District is depriving her of a hearing to contest the allegations in a document that the District's Department of Health calls a complaint, against her. Fields, as result, is unable to earning a living, cannot obtain insurance, and is being deprived of her substantive and procedural due process rights, while being deprived of her property rights, without due process of law.

## IRREPARABLE HARM

10. Fields is suffering immediate and irreparable harm because she is unable to earning living, cannot obtain insurance, and is deprived of her property rights, without a hearing, in violation of her substantive and procedural due process rights.

## MAINTAIN THE STATUS QUO

11. The issuance of the restraining order will maintain the status quo until the Courts can decide this matter. There is great prejudice to Fields because she cannot earn a living and is unable to contest the allegations, against her, that is preventing her from practicing her chosen profession.

## ISSUANCE OF THE ORDER IS IN THE PUBLIC INTEREST

12. The issuance of this restraining order is in the public interest because person's property rights should not be taken in violation of a person's substantive and procedural due process rights.

**WHEREFORE,** the premises considered, Fields prays that this motion be granted.

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 Phone
202-726-9060 Fax
grindstonelaw@aol.com

3

## Certificate of Service

I certify that a copy of this motion delivered this 11th day of June 2015, to: the Mayor of the District of Columbia, at: 1350 Pa. Ave. N.W., # 419, Washington, D.C. 20001, District of Columbia Attorney General, 441 4th Street, N.W., 6th Floor South, Washington, D.C. 20001, and the District of Columbia Department of Health, 899 North Capitol Street, N.E., Washington, D.C. 20002.

Wendell C. Robinson

4

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. RONA M. FIELDS,                     :
                                        :
        Plaintiff                       :
                                        :
            v.                          :     Case No:
                                        :
DISTRICT OF COLUMBIA, ET AL             :
                                        :
        Defendants                      :

## O   R   D   E   R

Upon consideration of the Motion for a Temporary Restraining Order, filed by, the

Plaintiff, and any opposition thereto, and there being good cause shown that this motion should be

granted, it is this___day of _____2015,

**ORDERED**, that the motion is granted; and District of Columbia is ordered to set a hearing

for the Plaintiff, forthwith, with the District of Columbia's Board of Psychology, forthwith, or

dismiss the case against the Plaintiff, and it is,

**FURTHER ORDERED**, that a hearing on the Plaintiff's Motion For A Preliminary

Injunction will be heard on the ____day of _____2015, at:_____am/pm, in courtroom

_____.

_____
J U D G E

Copies to:

Wendell C. Robinson, Esq.              District of Columbia Attorney General
7600 Georgia Avenue, N.W., Suite 203   441 4th Street, N.W. Sixth Floor, South
Washington, D.C. 20012                 Washington, D.C. 20001

Mayor of the District of Columbia      District of Columbia Department of Health
1350 Pa. Ave. N.W. # 419               899 North Capitol Street, N.E.
Washington, D.C. 20001                 Washington, D.C. 20002

5

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. RONA M. FIELDS,                              :

    Plaintiff                                    :

          v.                                :        Case No:

DISTRICT OF COLUMBIA, ET AL                      :

    Defendants                                   :

                                :

RECEIVED
Civil Clerk's Office
JUN 1 0 2015
Superior Court of the
District of Columbia

## <u>MOTION FOR A PRELIMINARY INJUNCTION</u>

Comes now  Rona M. Fields. Fields, by and through undersigned counsel, and moves this

Court for the entry of a temporary restraining order, on the grounds hereinafter stated:

1.  Fields is a licensed psychologist. She earns her living as a practicing psychologist, in the

District of Columbia.

2.  On or about June 11, 2013, the Mother of Fields' six year old patient sent a document to

Health. They labeled it a complaint.  Fields was sent a copy of it.  She responded to it.  On July 11,

2013, Fields was requested to appear before the Board. She complied. On November 25, 2014,

Fields received a letter from Panravee Vongjaroenrat, in Health's Office of the General Counsel. It

gave Fields ten (10) days, from the date of the letter, to accept the attached ***"negotiated settlement***

***agreement."*** or the Board would issue a notice of intent to take disciplinary action against her

license. Fields did not accept the negotiated settlement agreement. She hired counsel to represent

her.

3.  On December 9, 2014, Fields' attorney sent a letter to Panravee Vongjaroenrat advising

that he represented Fields and requested documents needed to prepare for Fields' hearing. The

documents Fields requested were sent on February 2, 2015. After reviewing them, Fields' attorney

sent a letter to the Board dated February 19, 2015, and it was hand delivered on February 20, 2015.

1

It reiterated that Fields' rejected the negotiated settlement agreement and attached, to the letter, was a motion to dismiss the case against Fields. The letter and motion were hand delivered, to the Board. One of Board's representatives signed for the letter and motion.

4. Fields, as a practicing psychologist, maintains liability insurance. On December 8, 2014, her liability insurance carrier, Trust Risk Management Services, sent her a letter. It required Fields, prior to them renewing her liability insurance, to provide them with a written statement indicating that she was in compliance with Health's November 2014 settlement agreement issued by the D.C. Board of Psychology. Fields' attorney sent a letter to Fields' liability insurance carrier indicating: that Fields' had rejected the negotiated settlement agreement, that she had filed a motion to dismiss the alleged complaint, and he requested that they renew Fields' policy.

5. As of this date, the Board has not responded to Fields' motion to dismiss, that was filed on February 20, 2015, they have not charged her with any violations of the Board's rules and/or regulations, a disciplinary hearing has not been set, Fields is unable to practice her chosen profession, her insurance carrier, is not paying her attorney fees, as called for in her insurance policy, all as a result of the Board's failure to provide her with a hearing, depriving Fields of the ability to earning a living, in violation of her substantive and procedural due process rights.

## POINTS AND AUTHORITIES

6. Fields submits the following points and authorities in support of this motion.

7. Superior Court Civil Rule 65.

8. In **WEICK v. STERENBUCK,** 350 A.2d 384 (D.C.1976) the Court held: a temporary restraining order and a preliminary injunction are proper where the moving party demonstrates the following:

a. A substantial likelihood of prevailing on the merits,
b. The movant will suffer irreparable harm during the pendency of the cause action,
c. The issuance of restraining order and injunction will maintain the status quo,
d. The granting of the restraining order and injunction is in the public interest.

## SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS

9. There is a substantial likelihood that Fields will prevail on the merits because the District is depriving her of a hearing to contest the allegations in a document that the District's Department of Health calls a complaint, against her. Fields, as result, is unable to earning a living, cannot obtain insurance, and is being deprived of her substantive and procedural due process rights, while being deprived of her property rights, without due process of law.

## IRREPARABLE HARM

10. Fields is suffering immediate and irreparable harm because she is unable to earning living, cannot obtain insurance, and is deprived of her property rights, without a hearing, in violation of her substantive and procedural due process rights.

## MAINTAIN THE STATUS QUO

11. The issuance of the restraining order will maintain the status quo until the Courts can decide this matter. There is great prejudice to Fields because she cannot earn a living and is unable to contest the allegations, against her, that is preventing her from practicing her chosen profession.

## ISSUANCE OF THE ORDER IS IN THE PUBLIC INTEREST

12. The issuance of this restraining order is in the public interest because person's property rights should not be taken in violation of a person's substantive and procedural due process rights.

**WHEREFORE,** the premises considered, Fields prays that this motion be granted.

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 Phone
202-726-9060 Fax
grindstonelaw@aol.com

3

## Certificate of Service

I certify that a copy of this motion delivered this 11th day of June 2015, to: the Mayor of the District of Columbia, at: 1350 Pa. Ave. N.W., # 419, Washington, D.C. 20001, District of Columbia Attorney General, 441 4th Street, N.W., 6th Floor South, Washington, D.C. 20001, and the District of Columbia Department of Health, 899 North Capitol Street, N.E., Washington, D.C. 20002.

Wendell C. Robinson

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DR. RONA M. FIELDS,                      :
                                         :
        Plaintiff                        :
                                         :
        v.                               :        Case No:
                                         :
DISTRICT OF COLUMBIA, ET AL              :
                                         :
        Defendants                       :
                   **O  R  D  E  R**

    Upon consideration of the Motion for a preliminary injunction filed by, the Plaintiff, and any opposition thereto, and there being good cause shown that this motion should be granted, it is this___day of _____2015,

    **ORDERED**, that the motion is granted; and the Defendants are preliminarily restrained from denying the Plaintiff a hearing, forthwith, and said hearing shall be set on or before the expiration of thirty (30) days from the date of this order, or until further order of this Court shall issue.

_____
                J U D G E

Copies to:

Wendell C. Robinson, Esq.                District of Columbia Attorney General
7600 Georgia Avenue, N.W., Suite 203     441 4th Street, N.W. Sixth Floor, South
Washington, D.C. 20012                   Washington, D.C. 20001

Mayor of the District of Columbia        District of Columbia Department of Health
1350 Pa. Ave. N.W. # 419                 899 North Capitol Street, N.E.
Washington, D.C. 20001                   Washington, D.C. 20002

06/15 @3PM

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## WASHINGTON, DC 20001

**FILED AND DOCKETED**
**JUN 1 1 2015**
THE OFFICE OF
JUDGE-IN-CHAMBERS

## AFFIDAVIT OF SERVICE

IN RE: Dr. Rona M. Fields, Ph.D
_____
PRINT FULL NAME                PLAINTIFF (S)
-v-
District of Columbia Government, et AC     CASE NUMBER: 2015 CA 4246
_____
PRINT FULL NAME
                                DEFENDANT

I, Andre W. Keith _____, having been duly authorized to make
service of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [ ] Motion for Temporary
Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and Notice of Hearing in
the above-captioned matter, hereby depose and say:

1. That my age and Date of Birth are as follows: over the age of eighteen

2. That my residential or business address is: 1115 Mass Ave, NW, WDC 20005

3. That 11:55 (AM/PM), on the 11th day of June 2015

4. ( ) I served the above _____
   personally with a copy of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [ ] _____ named defendant
   Motion for Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial
   Order and Notice of Hearing at the following address: _____

5. (X) I served the above District of Columbia (office of the Mayor) _____ name defendant
   **OR**
   by leaving a copy of the [ ] Motion for Temporary Restraining Order and Notice of Hearing (X) Motion for
   Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and
   Notice of Hearing at the following address: 441 4th Street, NW, Suite 630, Wash, DC 20001
   (General) _____ with Darlene Fields, office of the Attorney a person of approximately 50's years of age, who stated that
   he/she resides with the defendant.

I declare under penalty of perjury under the law of the District of Columbia that the foregoing is true and
correct. Executed on this 11th day of June, 2015 _____.

_____
SIGNATURE OF SERVER

BADGE NO: _____
PRECINCT: _____

MAY 2013 – FORM A-JIC

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## WASHINGTON, DC 20001

### AFFIDAVIT OF SERVICE

**FILED AND DOCKETED**

**JUN 1 1 2015**

THE OFFICE OF
JUDGE-IN-CHAMBERS

IN RE:

_Dr. Rona M Fields, Ph.D_
PRINT FULL NAME                                    PLAINTIFF(S)

-v-

_District of Columbia Government, et al_      CASE NUMBER: _2015 CA 4246_
PRINT FULL NAME                                    DEFENDANT

I, _Andre' W. Kelly_ _____, having been duly authorized to make
service of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [ ] Motion for Temporary
Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and Notice of Hearing in
the above-captioned matter, hereby depose and say:

1. That my age and Date of Birth are as follows: _over the age of eighteen_

2. That my residential or business address is: _1115 Moss Ave, NW  WDC 20005_

3. That _12:40_ AM/PM, on the _11th_ day of _June 2015_

4. ( ) I served the above _____ named defendant
   personally with a copy of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [ ]
   Motion for Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial
   Order and Notice of Hearing at the following address: _____

5. (X) I served the above _District of Columbia Department of Health_ _____ name defendant
   by leaving a copy of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [X] Motion for
   Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and
   Notice of Hearing at the following address: _899 North Capitol Street, NE, 8th Fl, Wash, DC_
   _General_ _____ with _Olga Clegg, Assistant Attorney_
   he/she resides with the defendant. ____ a person of approximately _60_ years of age, who stated that

I declare under penalty of perjury under the law of the District of Columbia that the foregoing is true and
correct. Executed on this _11th_ day of _June, 2015_

_[signature]_
SIGNATURE OF SERVER

BADGE NO: _____
PRECINCT: _____

MAY 2013 – FORM A-JIC

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## WASHINGTON, DC 20001

### AFFIDAVIT OF SERVICE

> **FILED AND DOCKETED**
> **JUN 1 1 2015**
> THE OFFICE OF
> JUDGE-IN-CHAMBERS

IN RE:
**Dr. Rona M. Fields, Ph.D**
PRINT FULL NAME                    PLAINTIFF (S)
-v-
**District of Columbia Government, et al**     CASE NUMBER: **2015 CA 4246**
PRINT FULL NAME
DEFENDANT

I, **Andre W. Keith** service of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [ ] Motion for Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and Notice of Hearing in the above-captioned matter, hereby depose and say: , having been duly authorized to make

1. That my age and Date of Birth are as follows: **Over the age of eighteen**

2. That my residential or (business) address is: **1115 Mass Ave, NW, WDC 20005**

3. That **1155** (AM)/PM, on the **11th** day of **June 2015**

4. ( ) I served the above _____ named defendant personally with a copy of the [ ] Motion for Temporary Restraining Order and Notice of Hearing [ ] Motion for Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and Notice of Hearing at the following address: _____

5. (X) served the above **District of Columbia** name defendant by leaving a copy of the [ ] Motion for Temporary Restraining Order and Notice of Hearing (X) Motion for Temporary Restraining Order, Complaint, Motion for Preliminary Injunction, Summons, Initial Order and Notice of Hearing at the following address: **441 4th Street, NW, Suite 630, WDC 20001** with **Darlene Fields, Office of the Attorney General** a person of approximately **50's** years of age, who stated that he/she resides with the defendant.

I declare under penalty of perjury under the law of the District of Columbia that the foregoing is true and correct. Executed on this **11th** day of **June, 2015**

_____
SIGNATURE OF SERVER

BADGE NO: _____
PRECINCT: _____

MAY 2013 – FORM A-JIC

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
*TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA*
**OFFICE OF THE JUDGE-IN-CHAMBERS**
*OFICINA DEL JUEZ DE TURNO*

```
┌─────────────────────────┐
│ FILED AND DOCKETED       │
│                          │
│    JUN 12 2015           │
│                          │
│   THE OFFICE OF          │
│   JUDGE-IN-CHAMBERS      │
└─────────────────────────┘
```

# Dr. Rona Fields

Plaintiff / *Demandante*

Case No. / *No. de caso* **15CA4246**

# DC/DC Dept. of Health

Defendant / *Demandado*

## NOTICE OF HEARING / *AVISO DE AUDIENCIA*

You are hereby notified that Plaintiff has filed a/an / *Por el presente, se le notifica que el/la Demandante ha presentado un/a:*

☐    Application for a Temporary Restraining Order (T.R.O.) / *Solicitud para una Orden de Restricción Temporal (T.R.O. por sus siglas en ingles)*

☑    Motion for a Preliminary Injunction / *Petición para un Mandato Judicial Preliminar*

☐    Other / *Otro:*_____

The following Hearing has been scheduled for/has been continued to / *Se ha programado/ aplazado la siguiente audiencia para:*

**7/10/15**    at / *a la(s)*    **9:45am**    a.m. /p.m. a / *para*
(date / *fecha*)        (time / *hora*)

   ☐    Hearing on the Application for Temporary Restraining Order / *una audiencia sobre la solicitud para una Orden de Restricción Temporal*

   ☑    Status Hearing on the Motion for Preliminary Injunction / *una audiencia sobre la petición para un Mandato Judicial Preliminar*

   ☐    Other / *Otro:* _____

will be heard by / *se ventilara ante:*

   ☐    Judge-in-Chambers / *el juez de turno*

   ☑    The calendar Judge / *el juez asignado*, Judge / *Juez* **Ross** , calender / *calendario* _____

at the following location / *en el siguiente lugar:*

   ☐    Judge-in-Chambers Room 4220 (4th Floor)/ *Juez de turno, Oficina 4220 (4to Piso)* – 500 Indiana Ave. NW

   ☑    500 Indiana Ave. NW, Courtroom / *Sala* **100**

   ☐    Building / *Edificio* A: 515 5th St. NW, Courtroom / *Sala* _____

   ☐    Building / *Edificio* A: 510 4th St. NW, Courtroom / *Sala* _____

**If you wish to be heard, your presence is required / *Si desea hablar ante el juez, se requerira su presencia.***

REVISED FORM SO-2064/SEPT 2014 /TRANSLATED BY OCIS AUG 2012

# Superior Court of the District of Columbia

## CIVIL DIVISION

### PRAECIPE

FILED AND DOCKETED

JUN 12 2015

THE OFFICE OF
JUDGE-IN-CHAMBERS

☐ CIVIL ACTION JM-170
☐ LANDLORD AND TENANT JM-255
☐ SMALL CLAIMS JM

The __15th__ Day of __June__, 20 __15__

SCANNED

Dr. Rona M. Fields, PhD
_Plaintiff_                    vs.

District of Columbia
_Defendant_

__2015 CA 4246__
Case Number

The Clerk of said Court will __enter the appearance of__
__Stephanie E. Litos, Assistant Attorney General,__
__on behalf of the District of Columbia__
__in the above-referenced case.__

| Attorney for Defendant | | Attorney for Plaintiff | |
|---|---|---|---|
| Stephanie E. Litos | | Wendell C. Robinson | |
| Address | | Address | |
| 441 4th St. NW Suite 630S | | 7600 Georgia Ave NW 2nd | |
| Washington DC 20001 | | | |
| | | Washington, DC 20012 | |
| Phone No. | Bar No. | Phone No. | Bar No. |
| 202-724-6650 | 483164 | 202-223-4470 | |

Form CV-358/Jul. 00