UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RONA M. FIELDS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-cv-1045 (TSC) |
| DISTRICT OF COLUMBIA and DISTRICT OF COLUMBIA DEPARTMENT OF HEALTH, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## **MEMORANDUM OPINION**

Plaintiff Rona M. Fields, a psychologist, sued the District of Columbia and the District of Columbia Department of Health in D.C. Superior Court in June 2015. Plaintiff's suit seeks a declaratory judgment and injunctive relief relating to the failure of the Department of Health Board of Psychology (the "Board") to respond to her motion to dismiss a complaint filed against her by the mother of one of her minor patients. (*See* Compl. ¶¶ 6-13).

In July 2015, Defendants removed Plaintiff's suit to this court pursuant to 28 U.S.C. § 1441(a), asserting that Plaintiff's claims are "grounded in federal law" and therefore subject to this court's original jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal ¶¶ 3-4). Defendants based their removal on Plaintiff's allegations that they had violated her "substantive and procedural due process rights." (*Id.* ¶ 2 (citing Compl. ¶¶ 9, 11, 13)). Specifically, Plaintiff alleges that the Board's failure to respond to her motion to dismiss the complaint against her, charge her with "any violations of the Board's rules and/or regulations" or schedule a disciplinary hearing have, among other things, deprived her of "the ability to earn[] a living, in violation of her substantive and procedural due process rights." (Compl. ¶ 9; *see also id.* ¶¶ 11,

13). Aside from a few stray references to her "substantive and due process rights," Plaintiff does not mention or allude to the Fifth or Fourteenth Amendments anywhere in her Complaint, nor does she mention or allude to the United States Constitution or to any other law or regulation that would confer upon this court federal question jurisdiction.

About three weeks after Defendants' removal, Plaintiff filed a motion to remand this case back to Superior Court. In her motion, Plaintiff clarifies that she is suing Defendants under the District of Columbia's Administrative Procedure Act (the "DC APA"). (*See* Motion to Remand (the "Motion") ¶ 5 (alleging that Defendants violated "her substantive and procedural due process rights, as set forth in the District of Columbia's Administrative Procedure Act."); *id.* ¶ 9 ("When the Defendant's agency failed to provide Fields with all of the protections, within the DC Administrative Procedure Act, it was a violation of her substantive and procedural rights guaranteed by that act."); *id.* ¶ 10 ("Fields' case is governed by the District of Columbia Administrative Act, not federal law.")).

Despite Plaintiff's clarification, Defendants nevertheless oppose Plaintiff's Motion because her "Complaint fails to set forth the authority under which she seeks redress" – *i.e.*, the DC APA – and her Motion "is the first time she has asserted that she brings her claim pursuant to the" DC APA. (Opposition to Motion to Remand at 1). Defendants further assert that, "[a]lthough it appears that Plaintiff is now waiving any constitutional claim against [them], remand to the Superior Court is inappropriate" because (i) "Plaintiff's situation does not meet the definition of a contested case under" the DC APA; and (ii) even if it did meet the definition, the "Superior Court does not have jurisdiction to hear contested cases under" the DC APA, as such cases must be brought directly to the D.C. Court of Appeals. (*Id.* at 1-2).

\* \* \*

While it may well be true both that Plaintiff's case does not meet the definition of a "contested case" under the DC APA and that the Superior Court would not have jurisdiction over it even if it did, neither consideration is relevant to this court's resolution of Plaintiff's Motion. Instead, the sole question before this court is whether it has subject-matter jurisdiction over this case. If it does, then remand is not appropriate. If it does not, then it must remand the case back to Superior Court. *See*, *e.g.*, *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case, and the court's order remanding the case to the state court whence it came is not reviewable on appeal or otherwise.") (citations and quotation marks omitted); 28 U.S.C. § 1447(c)-(d) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove"). The rule recognizes that the plaintiff is "master of the claim" and may rely exclusively on state law to avoid federal question jurisdiction. *Caterpillar*, 482 U.S. at 392; *see*

*also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Moreover, "[c]ourts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011); *see also Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) ("Courts must strictly construe removal statutes. The court must resolve any ambiguities concerning the propriety of removal in favor of remand.") (citations omitted). Thus, "[w]hen the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby*, 841 F. Supp. 2d at 53.

\* \* \*

The court concludes that it does not have subject-matter jurisdiction over this case under the well-pleaded complaint rule. In so doing, the court notes that this case is akin to *Stein v. Am. Express Travel Related Servs.,* 813 F. Supp. 2d 69 (D.D.C. 2011). In *Stein*, the defendant opposed a motion to remand, arguing that there was federal-question jurisdiction based on the complaint's "references to the Fourth Amendment." *Id.* at 72. Applying the well-pleaded complaint rule, the court rejected the defendant's argument, finding that the plaintiffs had neither pleaded any violation of the Fourth Amendment, nor sought any relief under the Fourth Amendment. *See id.*; *accord Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1026–28 (10th Cir. 2012) (passing mention of violation of the Constitution did "not pass jurisdictional muster" because it did not "satisfy the well-pleaded complaint rule, for purposes of

Case 1:15-cv-01045-TSC   Document 11   Filed 01/12/16   Page 5 of 5

demonstrating federal-question jurisdiction"). Likewise, Plaintiff's Complaint in this case does not assert any constitutional claims, nor does it seek any relief based on the U.S. Constitution.

Moreover, the complaint in *Stein* at least identified the Fourth Amendment as the basis of a potential constitutional violation. *See Stein*, 813 F. Supp. 2d at 72. Here, Defendants can only surmise that Plaintiff is asserting a constitutional claim on the basis of vague references to her "substantive and procedural due process rights," without anything more. (*See* Notice of Removal ¶ 2 (citing Compl. ¶¶ 9, 11, 13)). "[A]llegations of violations of 'due process'" do not "present[] a claim under the Federal Constitution" where there is "[n]o explicit reference to the United States Constitution . . . contained in the complaint," however. *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10-11 & n.26 (1st Cir. 2004). And even if such surmises were reasonable, Plaintiff has now affirmatively asserted that she is not pursuing any federal claims, and that her "case is governed by the District of Columbia Administrative Act, not federal law." (Motion at ¶ 10). These factors, as well as the requirement that the court strictly construe removal statutes and resolve ambiguities concerning the propriety of removal in favor of remand, all compel remand here.

\* \* \*

For the reasons set forth above, Plaintiff's Motion to Remand is hereby **GRANTED**, and this case is remanded back to the Superior Court of the District of Columbia. An appropriate Order accompanies this Memorandum Opinion.

Date: January 12, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

5